[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter came before the Court on Defendant's December 27, 1996 Motion for Modification of Pendente Lite Orders which orders were entered by the Court on June 19, 1996. Those orders provided, in part, that the Defendant pay the Plaintiff the sum of $30 per week in alimony and $113 per week in child support.
The basis for the Defendant's motion is that he has changed jobs within his company which has resulted in a decrease in pay. CT Page 860 The parties stipulated at the hearing that the child support guidelines, if applied, would result in a child support obligation of $71 per week based on the Defendants new wage. The Defendant testified that while the change in his job position was a promotion it has resulted in an initial decrease in the hourly wage he is paid and a substantial reduction in the availability of overtime. Additionally, the Defendant called a witness, Mr. Beresa, who testified that he has been cohabitating with the Plaintiff for approximately two years and has been sharing expenses.
The Court finds that the Defendant has made a voluntary decision with respect to his career that could result in significant long term wage benefits to him. However, in the short term, this decision has resulted in a substantial wage decrease. No one, including the Court, should begrudge the Defendant this career opportunity. Unfortunately the predicted period of time that the Defendant will experience a decrease in pay coincides with the two year period prior to the only child of the marriage reaching the age of majority. The child should not suffer the entire impact of the Defendant's decision to better himself from a long term perspective.
Therefore, the Court orders that the $143 per week in alimony and child support is modified downward to $90 per week as child support retroactive to the date of the filing of the motion. The Court recognizes that this represents an upward deviation in the guidelines but finds it justified as it takes into account the Defendant's earning capacity, the best interest of the child and is equitable under the circumstances.
Both the Plaintiff and Defendant seek attorneys fees and costs of this motion. The Court denies both requests.
The State of Connecticut is due monies on an arrearage which is presently subject to withholding. By agreement between the parties, including the State, the order of payments is reduced to $10 per week. This order is without prejudice to the State to seek an upward modification of this order at any time in the future.
SO ORDERED,
Zarella, J. CT Page 861